TOWNSHIP OF FLYNN *v.* WOOLMAN.

1. DRAINS — ESTABLISHMENT — ORDER OF DETERMINATION — TIME LIMIT.

Under 2 Comp. Laws, § 4320, providing that, on the filing of an application for a drain, the commissioner shall examine the route of the proposed drain, and if, on survey, he shall find the drain to be practicable, he shall within 90 days make his first order of determination, the 90 days date from the survey, and not from the filing of the application.

2. SAME—RECORD OF COMMISSIONER—JURISDICTION.

The fact that the record of the commissioner does not show when the minutes of the survey were delivered to him is not fatal to the jurisdiction, though more than 90 days elapsed between the filing of the application and the first order of determination, in view of the provision of 2 Comp. Laws, § 4364, that no drain tax shall be declared void by reason of any error or informality in the record of the proceedings.

3. SAME—VACATION OF EXISTING DRAIN.

Where neither a township nor any of its taxpayers was assessed

for the construction of a drain, it cannot complain of a failure to vacate such drain before constructing a second one over its route.

4. SAME—NOTICE.

2 Comp. Laws, § 4383, requiring notice to be given in case a drain is vacated, has no application where a proposed drain merely taps an existing drain, leaving it to perform its office.

5. SAME—CONDEMNATION PROCEEDINGS—PARTIES.

Under 2 Comp. Laws, § 4323, providing that notice of an application to the probate court for the appointment of commissioners in a drain proceeding shall be given to all persons whose lands are traversed by the drain who have not released the right of way, a township which is liable to assessment for the drain cannot complain because notice was not served on its supervisor.

Appeal from Sanilac; Beach, J. Submitted April 23, 1903. (Docket No. 48.) Decided June 23, 1903.

Bill by the township of Flynn against Hugh Woolman, county drain commissioner, and others, to enjoin the construction of a drain. From a decree dismissing the bill, complainant appeals. Affirmed.

*C. F. Gates,* for complainant.

*Fred A. Farr,* Prosecuting Attorney, and *W. H. Burgess,* for defendants.

CARPENTER, J. Defendant Woolman is drain commissioner for the county of Sanilac. He is proceeding to construct a drain called the "Carter Drain," in the township of Elmer, in said county. The other defendants are contractors for the construction of said drain. Five per cent. of the total cost of said drain, amounting to $390, is to be assessed upon complainant township, and 11.45 per cent., amounting to $893.10, is to be assessed against individual landowners, taxpayers in said complainant township. Complainant instituted this suit to enjoin the construction of said drain. The hearing in the lower court resulted in a decree dismissing complainant's bill. From

this decree, complainant has appealed. It claims that it is entitled to relief upon these grounds:

(1) The drain commissioner had no right to proceed, because the first order of determination was not made within 90 days after the application was delivered to him.

(2) The drain commissioner had no right to proceed, because the record fails to show that any steps or proceedings were taken by the commissioner for more than 90 days before making his first order of determination.

(3) It is proposed to construct said Carter drain for over 1½ miles on the route of another established drain, called the "Hale Extension Drain," without vacating the latter drain as required by law.

(4) In the construction of a branch of said Carter drain, it is sought to vacate 1½ miles of a drain known as the "Flynn & Elmer Drain," without giving complainant a hearing as required by law.

(5) No notice was served upon complainant's supervisor of the proceedings to lay out the drain.

1. Must the first order of determination be made within 90 days after the application is delivered to the commissioner? The application was dated November 19, 1900, and was delivered to the drain commissioner November 20, 1900. The first order of determination was made March 4, 1901. Section 4320, 2 Comp. Laws, reads:

"Upon the filing of such application, the county drain commissioner authorized to act thereon shall, as soon as practicable thereafter, proceed to personally examine the route of the proposed drain, and if, in his opinion, it is necessary and conducive to the public health, convenience, or welfare that the application should be granted, he shall, as a means of determining the practicability thereof, make a survey and measurement of the line of the proposed drain, or cause the same to be made by a competent surveyor. If upon such survey he shall find such drain to be practicable, he shall within ninety days make his first order of determination in writing in accordance therewith."

We think it clear that this language does not require the first order of determination to be made within 90 days after the application is filed. It gives the commissioner 90 days after the survey to make said order.

2. It is claimed that the commissioner, under the fore-
going construction, had no right to proceed, because the
record failed to show any step or proceeding taken by him
between the receipt of the application, November 20, 1900,
and the making of the first order of determination, March
4, 1901.   This raises the question of whether the proceed-
ings of the commissioner were defective because the record
did not show when the minutes of the survey were de-
livered to the commissioner.   No claim is made that, as a
matter of fact, the first order of determination was not
made within three months after the minutes of the survey
were delivered.   Indeed, defendants introduced testimony,
against the objection of complainant, proving that said
minutes were delivered about the last of January, 1901.
In determining whether or not the record must affirma-
tively show when the minutes of the survey reached the
commissioner, it should be borne in mind that there is no
express provision of the statute requiring it.   If the statute
imposes upon the drain commissioner any obligation to
make such record, it must be found by implication in the
sentence, "If upon such survey he shall find such drain
to be practicable, he shall within ninety days make his
first order of determination in writing."   Assuming that
the legislature intended by this language to impose that
obligation upon the drain commissioner, they did not in-
tend that his failure to observe it should invalidate the
tax, since they provided (see section 4364, 2 Comp. Laws):

"The collection of no tax levied or ordered to be levied
for the payment of the location or construction of any
drain laid out under this act shall be perpetually enjoined
or declared absolutely void in consequence of any error or
informality of any officer in the location and establishment
thereof, nor by reason of any error or informality appear-
ing in the record of the proceedings by which any drain
shall have been located and established."

From this we infer that the legislature did not intend to
make the jurisdiction of the commissioner depend on his
recording the date of the receipt of the minutes of the sur-

vey. The decision of this court in *Moser* v. *White*, 29 Mich., at page 60, relied upon by complainant, that "every essential proceeding in the course of a levy of taxes must appear in some written and permanent form in the records of the bodies authorized to act upon them," has, in our judgment, no application. The date of the receipt of the minutes of the survey was not, within the meaning of the decision in that case, an "essential proceeding."

3. Did the failure to take steps to vacate the Hale extension drain, so called, before constructing over its route the proposed drain, invalidate the proceedings? Said Hale extension drain nowhere touches the territory of complainant. Neither complainant nor any of its taxpayers were assessed for its construction. For this reason, complainant has no right to complain that proceedings were not taken to vacate it.

4. Is complainant entitled to relief on the ground that it is sought to vacate $1\frac{1}{2}$ miles of the Flynn & Elmer drain, so called, without any notice to complainant? It is a sufficient answer to this contention of complainant to say that the proposed action of defendants does not, in our judgment, vacate said Flynn & Elmer drain. A portion of the proposed drain taps said Flynn & Elmer drain, and thereby affords a much-needed outlet to the waters therein. This does not, strictly speaking, vacate said Flynn & Elmer drain. The said drain is left to perform the office for which it was built, though the evidence in this case proves that, owing to a cut below the intersection with the proposed drain, it either partially or entirely fails to perform that purpose. It follows that the provision in section 4383, 2 Comp. Laws, prescribing the notice to be given in case a drain is vacated, relied upon by complainant, has no application.

5. Is complainant entitled to relief because no notice was served upon its supervisor of the proceedings to lay out the drain? As we understand the record, the complaint is that no notice was served upon the complainant's supervisor of the proceedings in the probate court

before the commissioners were appointed. We do not think this objection well grounded. The only persons entitled to notice at that stage (see 2 Comp. Laws, § 4323) are those "whose lands are traversed by such drain, who have not released the right of way."

In our judgment, the decree of the court below should be affirmed, with costs.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.